THOMAS W. ROURKE, Respondent, *v.* ROBERT S. BICKLEY, Appellant.

Second Department, June 3, 1921.

Principal and agent — action to recover for services rendered to defendant in purchase of house — recovery cannot be had on theory that defendant interfered with plaintiff's claimed right of recovery against seller.

The only cause of action set forth in the complaint was for services rendered the defendant in the purchase of a house, and it was error, therefore, for the court to charge the jury on the theory that the action was brought to recover the amount of commissions which the plaintiff claimed the defendant prevented him from receiving from the seller of the property.

APPEAL by the defendant, Robert S. Bickley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of November, 1920 upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of December, 1920, denying defendant's motion for a new trial made upon the minutes.

*Martin J. Birmingham,* for the appellant.

*Frederick W. Sparks,* for the respondent.

PER CURIAM:

The only cause of action set forth in the complaint is for services rendered the defendant in the purchase of a house. The plaintiff, however, in addition to the allegations necessary

to set forth that cause of action, has included a number of unnecessary, immaterial and irrelevant allegations which seem to indicate that the plaintiff thought his cause of action arose from some interference of the defendant with the plaintiff's claimed right of recovery against the seller of the house. These allegations were apparently urged at the trial with such force and vigor that they impressed the trial judge as setting forth the real cause of action. The court charged the jury that the action was brought to " recover the amount of commissions which the plaintiff says he was prevented from earning. * * * The plaintiff says it is a rule in real estate transactions in the city that where a man gets a customer and goes to the owner, and as the result of presenting that customer to the owner a sale is perfected, the owner pays the commission. * * * Did the acts of the defendant * * * deprive the plaintiff of the fruits of his labors, that is to say, the amount that he should have received, namely, $1,035?"

The jury's verdict in favor of the plaintiff was plainly based upon a cause of action not pleaded.

The judgment and order must be reversed and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, costs to abide the event.